141 F.3d 1177
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Knarik MARKARIAN, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70866
INS No. Avu-fmh-kvt
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted February 2, 1998.
Decided March 31, 1998.
 
 Petition for Review from an Order of the Board of Immigration Appeals.
 Before WALLACE, TROTT, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Knarirk Markarian, a native of Turkey and citizen of Armenia, was charged with an overstay of her visa by the Immigration and Naturalization Service ("INS"). Conceding deportability, Markarian sought asylum and withholding of deportation, 8 U.S.C. §§ 1158(a) and 1253(h), on the bases of past persecution and a well-founded fear of future persecution. The Board of Immigration Appeals ("BIA") dismissed her appeal of the immigration judge's denial of asylum and withholding of deportation.[1] We deny the petition.
 
 
 3
 Markarian's claim that she has suffered persecution and has a well-founded fear of persecution[2] fails because she has presented no evidence to support her claim that widows of former KGB agents, as a group, have been subject to persecution in Armenia or the former Soviet Union. Markarian has also failed to establish that widows of former KGB agents constitute a social group, "a collection of people closely affiliated with each other, who are actuated by some common impulse or interest." De Valle v. I.N.S., 901 F.2d 787, 793 (9th Cir.1990) (quoting Sanchez-Trujillo v. I.N.S., 801 F.2d 1571, 1576 (9th Cir.1986)). There is no evidence that there exists "a voluntary associational relationship among the purported members, which imparts some common characteristic that is fundamental to their identity as a member of that discrete social group." Id. As in both De Valle and Sanchez-Trujillo, the individuals that Markarian purports constitute a social group in fact constitute a "sweeping demographic division" which "manifest[s] a plethora of different lifestyles, varying interests, diverse cultures, and contrary political leanings[,]" so much so that they cannot be deemed to provide the makeup of a social group. Id.
 
 
 4
 Markarian's second claim, that she has suffered political persecution and has a well-founded fear of persecution based on her imputed political neutrality, also fails because she has presented no evidence to "show that [her] persecutors actually imputed a political opinion to [her]." Sangha v. I.N.S., 103 F.3d 1482, 1489 (9th Cir.1997). Although "[p]ast persecution of family members is routinely considered as evidence of possible imputed political opinion," id., here there is no "close ... relationship ... between the persecution of family members and the situation of the applicant." Id. The phone calls received by Markarian periodically do not appear to be closely related to her husband's death. The searches of the Markarian household and the interviews conducted by the KGB in 1981 seem to constitute no more than an inquiry into the death of one of its members, rather than evidence that the KGB imputed some political opinion to Markarian.
 
 
 5
 Markarian's claim of political neutrality also fails. An asylum seeker can "show political neutrality in an environment in which political neutrality is fraught with hazard, from governmental or uncontrolled anti-governmental forces." Id. at 1488. Markarian has presented no evidence showing that political neutrality is "fraught with hazard" in Armenia or that her political neutrality was "a conscious, deliberate choice" that "was articulated sufficiently for it to be the basis of ... past or anticipated persecution." Id.
 
 
 6
 Finally, Markarian has presented insufficient evidence to establish that she has been a victim of persecution or that the ensuing persecution has been or will be on account of her political opinion.
 
 
 7
 The events which Markarian has described simply do not rise to the level of political persecution; she has not shown that her harassers' interest in her "stemmed from [a] desire to single [her] out for unique punishment because of her actually-held or perceived-to-be-held political ... beliefs[,]" or one of the other grounds protected under the Act. Fisher v. I.N.S., 79 F.3d 955, 962 (9th Cir.1996) (quoting Abedini v. I.N.S., 971 F.2d 188, 192 n. 1 (9th Cir.1992)). None of the events recounted by Markarian resulted in harm to her, and the events do not even rise to the levels of explicit incidents of violence which this court has found do not constitute persecution. See, e.g., Prasad v. I.N.S., 47 F.3d 336, 339 (9th Cir.1995) (brief detention and physical violence not necessarily persecution); Mendez-Efrain v. I .N.S., 813 F.2d 279, 283 (9th Cir.1983) (four days of detention and interrogation not persecution). Her termination as a medical doctor at the age of 73 seems likely to have been a result of her age, and as Markarian has presented no evidence which would compel the panel to conclude otherwise, the termination does not constitute persecution.
 
 
 8
 Even assuming that Markarian could be considered to have suffered persecution, she offered no evidence to show that her harassers persecuted her "on account of" her imputed political neutrality. See Fisher, 79 F.3d at 962 (asylum applicant must show by direct or circumstantial evidence that her persecution occurred "on account of" her political beliefs).
 
 
 9
 Because Markarian has failed to meet the lower burden of proof for asylum, she cannot satisfy the more stringent "clear probability of persecution" standard for mandatory withholding of deportation. See Singh v. I.N.S., 134 F.3d 962, 971 (9th Cir.1998).
 
 
 10
 PETITION DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Because Markarian's final deportation order was filed before October 30, 1996, amendments to the judicial review provisions of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 do not apply. See Pub.L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996)
 
 
 [2]
 This court has defined persecution as "the infliction of suffering or harm upon those who differ (in race, religion, or political opinion) in a way regarded as offensive." See Fisher v. I.N.S., 79 F.3d 955, 961 (quoting Ghaly v. I.N.S., 58 F.3d 1425, 1431 (9th Cir.1995) (quoting Prasad v. I.N.S., 47 F.3d 336, 339 (9th Cir.1995))). Persecution is deemed an "extreme concept." Id